E. O. DOSCH and Others v. EARLE F. ANDRUS and Another.[1]

December 8, 1911.

Nos. 17,293—(77).

**Defect in title.**

  A reservation for right of way in a deed executed by a railway company, although. not utilized as such for more than twenty years thereafter, constitutes a defect in the title as to a subsequent grantee. Dosch v. Andrus, 111 Minn. 287, followed.

**Curing defect — reasonable time.**

  Under the evidence, the procurement of a deed of release from the railway company, one and a half years after notice of the defect, did not conclusively prove that defendants were ready, willing, and able to deliver a perfect title within a reasonable time after notice.

After the former appeal, reported in 111 Minn. 287, the case was tried before Hallam, J., who submitted to the jury the special question stated in the opinion. The jury returned a verdict in favor of plaintiff for $1,319.82, and answered the special question in the negative. From an order denying defendants' alternative motion for judgment in their favor notwithstanding the verdict or for a new trial, they appealed. Affirmed.

  *Clapp & Macartney,* for appellants.
  *Harold Harris* and *Masters, Graves & Masters,* for respondents.

LEWIS, J.

1. Upon a former appeal to this action (111 Minn. 287, 126 N. W. 1071) we held that the reservation for right of way in the deed of the Chicago, St. Paul, Minneapolis & Omaha Railway Company constituted a substantial defect in the title, but a new trial was ordered on other grounds. Upon the second trial the court charged the jury that the reservation was a defect in the title, and submitted to the jury the special question:

Were the defendants able, ready, and willing to procure a deed

[1] Reported in 133 N. W. 480.

from the Chicago, St. Paul, Minneapolis & Omaha Railway Company within a reasonable time after notice of the defect?

The first trial took place on April 15, 1909. The second trial was commenced on February 9, 1911, and a deed executed on April 29, 1909, by the railway company, discharging and releasing the reservation, was offered in evidence. The trial court instructed the jury that they should consider the fact that this deed had been procured in determining whether defendants had been ready, willing, and able to deliver a perfect title within a reasonable time after having been notified of the defect.

The first notice of the defect was served on the defendants in October, 1907. While it appears that a request was made by defendants of the land commissioner of the railway company at or about that time, and the commissioner wrote to the defendants requesting to know the purpose of the request for a deed, it does not conclusively appear that the defendants made reasonable effort to secure the deed. On the contrary, there is evidence that defendants took the position that plaintiffs had waived the reservation for right of way, and notified plaintiffs that they would be held strictly to the terms of the contract. Considering the length of time that elapsed after the defendants were notified of the defect, and in view of defendants' attitude with reference to the subject, we are of the opinion that the question was a proper one for the jury, and that no substantial errors occurred in instructing the jury.

2. Some evidence was offered to show the floating and indefinite character of the right of way, and that it had been abandoned, or was never intended to be utilized, by the railway company, and hence did not constitute a defect in the title. It is only necessary to state that all these matters were fully understood and considered on the former appeal, and are foreclosed by the decision that the reservation was a defect.

Affirmed.